IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TIM E. JOHNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV118 |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's motion to affirm Commissioner's decision (Filing No. 17), wherein the Commissioner denied the plaintiff, Tim E. Johnston's ("plaintiff" or "Johnston") request for disability insurance benefits. After review of the parties' briefs, the record, and the applicable law, the Court finds that the Commissioner's decision should be affirmed.

**BACKGROUND**

On September 21, 2012, plaintiff "filed an application for disability benefits under the Social Security Disability Insurance program." (Filing No. 1 at 2). Plaintiff's application was denied at the initial and reconsideration levels by the Commissioner. (*Id.*). Plaintiff sought and was granted a hearing in front of an Administrative Law Judge ("ALJ") (*Id.*). The ALJ held a hearing on April 18, 2014 (*Id.*). On May 23, 2014,

the ALJ denied Johnston's application for benefits (*Id.*). Following the ALJ's denial, but prior to a final decision by the Commissioner, plaintiff submitted additional evidence for the Appeals Council to consider. *See* Filing No. 9-2 at 2. On January 27, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's decision making the ALJ's denial "the final decision of the Commissioner . . . ." (*Id.* at 1).

On March 21, 2016, plaintiff filed the instant action in accordance with 42 U.S.C. § 405(g) (Filing No. 1 at 1). On July 29, 2016, plaintiff filed his brief in support of his complaint (Filing No. 14). On September 12, 2016, the Commissioner filed a motion to affirm the Commissioner's decision (Filing No. 17) and a brief in support (Filing No. 18). On September 26, 2016, plaintiff filed his reply brief (Filing No. 19), as well a motion for oral argument (Filing No. 20). The following day, the Commissioner filed a brief in opposition to oral argument (Filing No. 21). Then, on September 28, 2016, the plaintiff filed a reply brief regarding the Commissioner's opposition to plaintiff's motion for oral argument (Filing No. 22).

**STANDARD OF REVIEW**

The Commissioner's decision will be affirmed "if the record contains substantial evidence to support it." *Edwards v.*

*Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001) (internal marks and cite omitted). "In determining whether existing evidence is substantial, [a court should] consider evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001) (internal citation omitted). If the record reveals substantial evidence supporting the Commissioner's decision, then that decision should not be reversed merely because "substantial evidence exists in the record that would have supported a contrary outcome." *Hutsell*, 259 F.3d at 711. In other words, "[a court] may not reverse simply because [a court] would have decided differently or because substantial evidence supports a contrary outcome." *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). Finally, the claimant "bears the burden of proving disability." *Teague v. Astrue*, 638 F.3d 611, 615 (8th Cir. 2011).

**DISCUSSION**

Plaintiff alleges four errors on the part of the ALJ require the Court to "reverse the final agency decision and enter

judgment under 42 U.S.C. § 405(g) . . . [or to] reverse the ALJ's decision and remand this matter for further proceedings." (Filing No. 14 at 36). Plaintiff first argues that "[t]he ALJ failed to fully and fairly develop the record." (*Id.* at 24). Plaintiff contends the "opinions from two non-examining state agency medical consultants . . . are inadequate." (*Id.* at 23). Plaintiff further states that because "[t]he ALJ failed to obtain work-related limitations from a treating or examining source . . . [and] [t]here is no other adequate source of medical opinions . . . [t]he ALJ's error is not harmless, particularly in light of the additional evidence submitted to, and rejected by, the Appeals Council." (*Id.* at 24).

The United States Court of Appeals for the Eighth Circuit has stated that "[w]ell-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden . . . ." *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). However, there are two problems with plaintiff's argument. The first is that plaintiff complains the ALJ failed to fairly and fully develop the record but submitted additional evidence after the ALJ had already rendered his decision. The second is that the Appeals Council did, in fact, make a determination as to whether the additional evidence submitted by Johnston ought to be accepted

and whether it ought to alter the ALJ's decision. *See* Filing No. 9-2 at 2 (stating that the Appeals Council reviewed the additional material submitted but found it to either be duplicate evidence or concerning a later time. The Appeals Council then determined that the "information does not provide a basis for changing the . . . decision."). Given the problems identified above, and a review of the record as a whole, the Court is satisfied that the ALJ fulfilled his responsibility to fairly and fully develop the record.

Plaintiff next argues new material evidence "should have been admitted by the Appeals Council . . . [and that] [r]eviewing the ALJ's decision in light of all of the relevant evidence, the ALJ's decision is not supported by substantial evidence." (*Id.* at 32). The Eighth Circuit has explained:

> if a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.

*Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990) (citing C.F.R. § 404.970 (1989)) (emphasis in original).

In this case, plaintiff submitted additional evidence

-5-

after the ALJ's decision.  *See* Filing No. 14 at 24-32.  However, as stated above, the Appeals Council, in considering the additional evidence, determined that 122 pages of the new evidence was "duplicate evidence."  (Filing No. 9-2 at 2).  The other evidence included "medical related documents from R. Michael Gross, M.D., . . . Bloomfield Medical Clinic P.C. . . . John Boldt CPO, . . . Orthomedics Orthotic and Prostetic (sic) Services, . . . twenty-seven undated photographs . . . [and] an undated Curriculum Vitae from . . . Timothy Saulsbury Pt . . . ." (*Id.*).  The Appeals Council found this evidence to concern "a later time . . . ."  (*Id.*).  The Court's independent review of the record supports the Appeals Council's determination both with respect to the 122 pages' duplicate nature and the additional evidence relating to a later time to be in accordance with Eighth Circuit precedent.  *See Williams*, 905 F.2d at 215-16.

  Plaintiff's third argument surrounds the vocational expert's opinion and explanation of that opinion.  Plaintiff claims that "[t]he vocational expert's explanation is inadequate [and] [t]he ALJ's reliance on that testimony is error."  (Filing No. 14 at 34).  The Commissioner counters "it is best to rely on the [Vocational Expert's] specific examination of the job data rather than second guess the [Vocational Expert] with the untrained assumptions of counsel . . . or the ALJ."  (Filing No.

18 at 13-14). The Court agrees. *See Mabry v. Colvin*, 815 F.3d 386, 389 (8th Cir. 2016) ("'[w]e do not reweigh the evidence presented to the ALJ,' and we defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.") (quoting *Johnson v. Colvin*, 788 F.3d 870, 872 (8th Cir. 2015)).

Finally plaintiff contends "[t]he ALJ's assessment of Johnston's subjective allegations is inadequate." (Filing No. 14 at 36). Plaintiff specifically argues "[t]he only reason identified by the ALJ for discounting Johnston's subjective allegations was that Johnston spent 30 to 45 minutes twice a day performing farm chores, and spent two hours a day working around the house." (*Id.* at 35). The Court is satisfied that the ALJ properly considered the evidence and record as a whole in making his determination regarding Johnston's subjective complaints.

Accordingly, for the foregoing reasons the Court finds that the Commissioner's decision should be affirmed. A separate order will be issued in accordance with this memorandum opinion.

DATED this 1st day of February, 2017.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court